FILED
United States Court of Appeals
Tenth Circuit

September 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW MARTINEZ,

    Defendant - Appellant.

No. 14-2056
(D.C. No. 1:12-CR-01910-WJ-5)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

Matthew Martinez filed a notice of appeal from the revocation of his supervised

release and the imposition of a six-month prison term followed by three years of

supervised release. His counsel moved to withdraw and filed a brief based on *Anders v.*

*California*, 386 U.S. 738 (1967), stating that after a diligent search of the record, he has

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

found no issues that could support an appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and finding no meritorious grounds for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

In 2013, Mr. Martinez pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. He was sentenced to 18 months in prison followed by three years of supervised release.

In February 2014, the United States petitioned to revoke Mr. Martinez's supervised release, alleging he had violated three release conditions: failing to (1) notify his probation officer ten days before any change in residence or employment; (2) refrain from the use and possession of alcohol and other intoxicants; and (3) reside and complete a program at an approved residential reentry center. Mr. Martinez admitted to violating all three conditions. The district court revoked his supervised release and sentenced him to six months in prison followed by three years of supervised release.

Mr. Martinez filed a timely notice of appeal. His appointed counsel, who represented him in the revocation proceedings, then filed an *Anders* motion to withdraw. The Government notified the court it would not oppose the motion. Mr. Martinez was notified of his counsel's *Anders* motion, and he has not filed a response.

## II. DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly

frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In doing so, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* We must then independently examine the record to determine whether the defendant's claims are "wholly frivolous," and, if so, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, counsel identifies only one conceivable ground for appeal: ineffective assistance of counsel. We have stated, however, that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Thus, "when brought on direct appeal, ineffective assistance of counsel claims are presumptively dismissible, and virtually all will be dismissed." *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (internal quotations omitted). "[E]ven if the record appears to need no further development, the claim should still be presented first to the district court . . . ." *Galloway*, 56 F.3d at 1240. After reviewing the record, we see no reason to depart from that general rule in this case.

As counsel points out in the *Anders* brief, Mr. Martinez has no basis to challenge his revocation because he admitted to violating all three supervised release conditions. And although not specifically raised in the *Anders* brief, Mr. Martinez also cannot challenge his sentence's procedural or substantive reasonableness, as our independent review of the record has confirmed and as we address briefly below.

We review a challenge to a revocation sentence for abuse of discretion, reviewing the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Tsosie*, 376 F.3d 1210, 1217-18 (10th Cir. 2004). The district court must "consider both [U.S.S.G.] Chapter 7's policy statements as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted).[1] It "is not required to consider individually each factor listed in § 3553(a)," *id.* at 1189 (internal quotations omitted), but the sentencing court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c). The court must provide enough reasoning "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court stated its reasons for revoking Mr. Martinez's supervised release and imposing the sentence. After considering the advisory range from Chapter 7's policy statements and the § 3553(a) factors, the court imposed a sentence within the recommended range of 5 to 11 months. *See* U.S.S.G. § 7B1.4. The record provides no basis to conclude the sentence is procedurally or substantively unreasonable.

---

[1] The Chapter 7 policy statements address violations of supervised release and include recommended advisory sentencing ranges. *See generally* U.S.S.G. Ch. 7. The § 3553(a) sentencing factors include, in part, the nature of the offense, the history and characteristics of the defendant, and the need for the sentence to provide adequate deterrence and protect the public. *See* 18 U.S.C. § 3553(a).

We therefore find nothing in the record that would provide a nonfrivolous ground for Mr. Martinez to appeal.

## III.  CONCLUSION

We grant counsel's motion to withdraw and dismiss Mr. Martinez's appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge